UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FEMAST MANAGEMENT OF CRAWFORD PLACE, L.L.C. | * | CIVIL ACTION |
| Plaintiff | * | NO. 09-7436 |
| VERSUS | * | SECTION |
| ERIC COHEN, | * | MAGISTRATE |
| Defendant | * | |
| | * | |

\* \* \* \* \* \* \* \* \*

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Femast Management of Crawford Place, L.L.C. ("Femast") which, upon representing as set forth hereinafter, makes a claim against Eric Cohen ("Cohen").

## PARTIES

1.

## PLAINTIFF

Femast is a New Jersey corporation with its principal place of business in New Jersey.

2.

**DEFENDANT**

Made defendant herein in is Eric Cohen, a citizen of Louisiana.

**JURISDICTION AND VENUE**

3.

This Court has jurisdiction over this matter pursuant to 28 USC § 1332 because the parties are completely diverse from one another and the amount in controversy exceeds $75,000.

4.

Venue is appropriate in this district because the defendant resides in this district.

**FACTS**

5.

Femast is the owner of certain immovable property located at 1000 Crawford Place Place, Mt. Laurel, New Jersey, 08054 ("Crawford Place"). Femast purchased the property on November 16, 2007.

6.

The previous owner of Crawford Place, Monarch Holdings, L.L.C. ("Monarch") entered into a lease agreement with Reliance Funding Services, Inc. ("Reliance") for Suite #306 on June 14, 2006. (Exhibit 1). The lease term began on July 1, 2006, and ends on June 20, 2011. Cohen, as manager of Reliance, signed the lease agreement.

7.

In consideration of the lease agreement, Cohen executed a personal guaranty. (Exhibit 1, p. 48). Upon executing the guaranty, Cohen became personally liable for all payments due by Reliance under the lease agreement.

8.

In June 2008, Reliance and Cohen abandoned the leased premises and defaulted on the lease pursuant to lease terms 22(a) and (b). (See Exhibit 1, p. 30). At that time, several months rent and fees were already outstanding.

9.

Under the terms of the lease agreement and guaranty, Femast is entitled to recover from Cohen: 1) all accrued unpaid rent and fees; 2) all costs and expenses incurred by Femast in recovering possession of the leased premises, including the costs and expenses of restoring the leased premises to its previous condition and the costs of any re-letting commissions; and 3) all rent otherwise payable over the remainder of the lease term reduced to present value, less any rents received from any other tenants who occupy the leased premises during the remainder of the lease term. (See Exhibit 1, p. 32)

10.

Since June 2008, neither Reliance nor Cohen has made any payments to Femast. Femast has not been able to re-let the leased premises and damages continue to accrue.

**WHEREFORE**, Femast Management of Crawford Place, L.L.C. prays for judgment in its favor and against Eric Cohen for all general and equitable relief to which it is entitled as a matter of law and which are reasonable under the premises.

        **LOWE, STEIN, HOFFMAN,
      ALLWEISS & HAUVER, L.L.P.**

        */s/ Marcelle P. Mouledoux*
**MITCHELL J. HOFFMAN (6896)
MARCELLE P. MOULEDOUX (30339)
701 Poydras Street, Suite 3600
New Orleans, Louisiana 70139-7735
(504) 581-2450
(504) 581-2461 (Fax)
Email:  MHoffman@LSHAH.COM
            MMouledoux@LSHAH.COM
Attorneys for Femast Mangement of Crawford Place, L.L.C.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served on all counsel of record to this proceeding accepting service electronically via the CM/ECF or by hand delivery, fax, Federal Express, or U.S. Mail, postage prepaid and properly addressed to those who are not, on  this 23  day of   November  , 2009.

        */s/ Marcelle P. Mouledoux*
**MARCELLE P. MOULEDOUX**

4